**I.L.G.W.U. NATIONAL RETIREMENT FUND; Edgar Romney, Eli Elias and their successors as Trustees of the I.L.G.W.U. National Retirement Fund, Plaintiffs–Appellees,**

Irwin Solomon and Joseph Moore, Plaintiffs,

v.

**MEREDITH GREY, INC., The LVI Group, Inc., f/k/a Lehigh Valley Industries, Inc., The Culinary Company, Inc. f/k/a The Casserole, Inc., The Casserole of Arizona, Inc. and ESI Group, Inc., f/k/a Michael Industries, Inc., Defendants,**

Davend Corp., Defendant–Appellant.

No. 03–7213.

United States Court of Appeals, Second Circuit.

Dec. 24, 2003.

Robert B. Stulberg, Broach & Stulberg, LLP, (Joshua S.C. Parkhurst, on the brief), New York, NY, for Plaintiffs–Appellees.

Nancy Ledy–Gurren, Ledy–Gurren & Blumenstock, LLP, (Deborah Bass, Elissa Schechter), New York, NY, for Defendant–Appellant, of counsel.

PRESENT: FEINBERG, CALABRESI, and CABRANES, Circuit Judges.

## SUMMARY ORDER

Davend Corp. appeals from a judgment, entered in the United States District Court for the Southern District of New York (Leisure, *J.*), in favor of plaintiffs-appellees I.L.G.W.U. National Retirement Fund ("the Fund") and its trustees in an action to compel payment of withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. §§ 1381–1405 & 1451. This is the first appeal in a case with a complicated history spanning three decades.

In 1987, a corporation known as Marty Gutmacher, Inc. ("Gutmacher") permanently withdrew from the Fund's multiemployer pension plan. *See* 29 U.S.C. § 1381. The Fund subsequently served Gutmacher with a certified notice and demand indicating that the company had incurred a withdrawal liability in excess of $2 million. In January 1992, appellees commenced an action in federal district court against several defendants, including Davend, on the ground that these defendants were "trades or businesses . . . under common control" with Gutmacher and therefore jointly and severally liable for any judgment against Gutmacher, pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1).

Both sets of parties filed for summary judgment based on a 1999 amended complaint. The district court ruled for the plaintiffs, holding that: (1) Davend was legally under common control with Gutmacher until at least 1986; (2) the question of whether an alleged transfer of Gutmacher stock in 1986 properly severed common control between Gutmacher and Davend should have been submitted to an arbitrator; (3) Davend had failed timely to initi-

ate arbitration after notice was served on Gutmacher in 1987; and (4) Davend had consequently waived its defenses and was jointly and severally liable for the withdrawal liability, interest, and costs.

On appeal, Davend makes three primary claims. First, as a threshold matter, Davend submits that a 1992 default judgment—vacated in 1996 on a Rule 60(b) motion—should have been set aside as void for lack of jurisdiction because plaintiffs failed properly to serve process under New York law. On its view, former Fed. R.Civ.P. 4(c) prevents the district court from exercising jurisdiction over a defendant who did not receive a *second* notice of the litigation, as prescribed under a New York provision governing entry of default judgments. *See* N.Y. C.P.L.R. § 3215(g)(4) (formerly C.P.L.R. § 3215(f)). This jurisdictional issue is relevant to whether the 1999 complaint, the basis for summary judgment in this case, was time-barred. Second, Davend argues that it was never a member of the Gutmacher controlled group. Third, Davend asserts that the district court erred in concluding that it had waived its defenses to liability by failing timely to initiate arbitration after receiving constructive notice of the Fund's claim in 1987. To this end, Davend submits that the Fund's 1987 notice to the withdrawing party—Gutmacher—did not constitute effective notice to Davend, since Davend had alleged that it was no longer part of the group at that time.

With respect to the questions of whether the district court correctly exercised jurisdiction in 1992, and whether Davend was ever a member of the Gutmacher controlled group within the meaning of the applicable statute and regulations, we affirm substantially for the reasons given by the court below.

We also affirm the district court's finding that Davend waived all factual disputes by failing timely to arbitrate. Even accepting *arguendo* that Davend did not receive effective notice of the Fund's claim until 1999, appellant's claim fails, because Davend has *never* properly initiated arbitration. Section 10.4 of the Fund's Trust Agreement clearly states that "[a]ny arbitration" must proceed under rules set forth by the American Arbitration Association ("AAA"). The AAA Rules were approved by the Pension Benefit Guaranty Corporation, 50 Fed.Reg. 38046 (Sept. 19, 1985), and are therefore controlling in this case. *See* 29 U.S.C. § 1401(a)(2). Davend concedes that, to date, it has neither filed copies of the notice to arbitrate at the AAA regional office nor paid an administrative fee, as required by Section 7 of the Rules. Because of these failures, and because we find no grounds to grant its request for equitable tolling, Davend had waived its defenses to the withdrawal liability assessment. *See Bowers v. Andrew Weir Shipping, Ltd.,* 27 F.3d 800, 808 (2d Cir.1994) (defense "must first be made to the arbitrator[, and] [n]ot having been so made, the argument was waived").

We have considered all of appellant's arguments and find them meritless. Accordingly, we AFFIRM the judgment of the district court.